UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH MARZULLO,

                              Plaintiff,

        - against -

S.S.G. FASHIONS LTD.,

                              Defendant.

Docket No. 17-cv-01856

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Joseph Marzullo ("Marzullo" or "Plaintiff"), by and through his undersigned

counsel, as and for his Complaint against Defendant S.S.G. Fashions Ltd. ("S.S.G." or

"Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of a copyrighted photograph of Ariana DeBose

owned and registered by Marzullo a New York-based photographer. Accordingly, Marzullo

seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101

*et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has

subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Marzullo is a professional photographer in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 788 Amsterdam Avenue, Apt. 2S, New York, NY 10025. Marzullo's photographs have appeared in many publications around the United States.

6.     Upon information and belief, S.S.G. is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 27 East 37th Street, New York, NY 10016-3004.

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.     On December 2, 2016, Marzullo photographed Ariana DeBose on the red carpet (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.     Marzullo then licensed the Photograph to Playbill.com ("Playbill"). On December 2, 2016, Playbill ran an article that featured the Photograph entitled, "8 Best Fashion Moments from *A Bronx Tale* Red Carpet." See http://www.playbill.com/article/8-best-fashion-moments-from-a-bronx-tale-red-carpet. Marzullo's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9.     Marzullo is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with the U.S. Copyright Office and was given pending Copyright Registration Number 1-4410847931.

**B.     Defendant's Infringing Activities**

11.     At all times material hereto, S.S.G. has owned and operated a website at the following URL: www.byronlarsbeautymark.com (the "Website"). The Website contains a link to the social media website www.twitter.com ("Twitter") and, specifically, the Twitter account @beautymarkblbm (the "Twitter Account").

12.     Upon information and belief, on or about December 3, 2016, S.S.G. posted the Photograph to its Twitter Account. See Exhibit C.

13.     S.S.G. did not license the Photograph from Plaintiff, nor did S.S.G. have Plaintiff's permission or consent to publish the Photograph on its Twitter Account.

14.     Upon information and belief, S.S.G. removed Marzullo's gutter credit and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST S.S.G.)**
**(17 U.S.C. §§ 106, 501)**

15.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16.     S.S.G. infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. S.S.G. is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

17.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18.     Upon information and belief, the foregoing acts of infringement by S.S.G. have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

19.     As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

20.     Defendant's conduct described above is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST S.S.G.
### (17 U.S.C. § 1202)

21.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22.     When the Photograph was published in an article in Playbill, the article contained copyright management information under 17 U.S.C. § 1202(b).

23.     Upon information and belief, before posting the Photograph on its Twitter Account, S.S.G. intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

24.     The conduct of S.S.G. violates 17 U.S.C. § 1202(b).

25.     S.S.G.'s removal of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26.     Upon information and belief, the removal of said copyright management information was made by S.S.G. intentionally, knowingly and with the intent to induce, enable,

facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. S.S.G. also knew, or should have known, that its removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the Photograph.

27.      As a result of the wrongful conduct of S.S.G. as alleged herein, Plaintiff is entitled to recover from S.S.G. the damages that he sustained and will sustain, and any gains, profits and advantages obtained by S.S.G. resulting from its violations of 17 U.S.C. § 1202, including Plaintiff's attorney's fees and costs.

28.      Alternatively, Plaintiff may elect to recover from S.S.G. statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      That Defendant S.S.G. be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.      That Defendant S.S.G. be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3.      That, with regard to the First Claim for Relief, Plaintiff be awarded his actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4.      That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorney's fees pursuant to 17 U.S.C. §§ 505 and 1203(b);

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated:    Valley Stream, New York
          March 13, 2017

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/     Kamanta C. Kettle
                                             Kamanta C. Kettle

                                             Kamanta C. Kettle
                                             11 Sunrise Plaza, Suite 305
                                             Valley Stream, New York 11580
                                             Telephone:  (516) 233-1660
                                             KK@LiebowitzLawFirm.com

                                        *Attorneys for Plaintiff Joseph Marzullo*